**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>GOKGOK PUOK,<br><br>   Defendant. | No. CR07-4091-MWB<br><br>**ORDER** |

  This matter is before the court on a Motion to Compel Discovery filed by the plaintiff (the "Government") on July 24, 2008. (Doc. No. 83) The defendant Gokgok Puok ("Puok") resisted the motion on July 25, 2008. (Doc. No. 84) This matter is scheduled for jury trial beginning Monday, July 28, 2008.

  On April 2, 2008, Puok appeared in this court for his initial appearance and arraignment on the Superseding Indictment. At his request, an attorney, Chad Primmer, was appointed to represent him in the case.

  During the arraignment, Mr. Primmer and the prosecutor, Robert Knief, agreed to entry of the standard discovery order utilized in this district. (*See* Doc. No. 33) The court thereupon entered its trial management order (Doc. No. 35), which included the "Stipulated Discovery Order."[1] On April 22, 2008, Mr. Primmer filed a motion to have

---

[1]The court's stipulated discovery order provides, in relevant part, as follows:

> ***XVIII. STIPULATED DISCOVERY ORDER:*** At the time of arraignment, the following discovery obligations were agreed to by the parties, and the Court **ORDERS** compliance with the same.
>   A. The United States will include in its open discovery file or otherwise make available law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), grand jury testimony, and evidence or existing summaries of evidence in the custody of the United States Attorney's Office, which provide the basis for

(continued...)

his client made available for personal review of certain surveillance videos in the Government's discovery file. (Doc. No. 44) In that motion, Mr. Primmer admitted he had reviewed the Government's discovery materials, effectively acknowledging that discovery in this case is covered by the Stipulated Discover Order.

On July 14, 2008, Puok filed a Notice Regarding Expert Witness "pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Reciprocal

---

[1](…continued)
        the case against the defendant. The file will include Rule 16, *Brady*, and Jencks Act materials of which the United States Attorney's Office is aware and which said Office possesses. Should the defendant become aware of any *Brady* material not contained in the open discovery file, the defendant will notify the United States Attorney's Office of such materials in order that the information may be obtained.
        * * *
        F. Upon disclosure of the United States's discovery file, the defendant immediately must provide, and will be under a continuing obligation to provide, disclosure of statements as defined in 18 U.S.C. §3500(e)(1) & (2), and reciprocal discovery under Federal Rules of Criminal Procedure 16(b) and 26.2.
        * * *
        H. The United States's open discovery file generally satisfies its notice obligations pursuant to Federal Rule of Criminal Procedure 12(b)(4) and Federal Rule of Evidence 404(b) and 609(b). If the defendant identifies specific evidence in the open discovery file, however, and asks the United States whether it intends to introduce such evidence pursuant to Federal Rule of Criminal Procedure 12(b)(4) or Federal Rule of Evidence 404(b) and 609(b), the United States will specify whether it intends to use such evidence and if offered pursuant to Federal Rule of Evidence 404(b), will identify the purpose for which it will be offered under the rule without further motion or order.
        I. The parties will exchange a list of prospective witnesses and a list of prospective exhibits no later than **five court days** before the commencement of trial. For witnesses for whom there existed no statements or reports that were subject to disclosure through discovery, the party listing the witness also must note next to the witness's name on the list the general purpose of his or her expected testimony.
        J. This section imposes a continuing duty to disclose on all parties.

Doc. No. 35, § XVIII.

Discovery Order in this case." (Doc. No. 57) In the notice, Mr. Primmer stated the following:

> 1. That during the investigation of defendant Gokgok Puok the government utilized recorded telephone calls and attempted controlled buys to produce evidence that defendant Puok was engaged in certain illegal activity.
> 2. That the government has provided the undersigned with copies of these recordings which have been forwarded to an expert for review.
> 3. That the undersigned has received an opinion from Dr. Robert Rodman, Professor, North Carolina State University. His contact information may be found online at: http://www.csc.ncsu.edu/directories/faculty_info.php?id=49.
> 4. That Dr. Rodman's testimony may present a novel, complex, or unusual factual or legal issue in this case.
> 5. That the undersigned will make any reports of the expert available to the United States Attorney.
> 6. That the undersigned will, upon request, provide the United States Attorney's Office with a written description of the subject matter of the expert's testimony. . . .
> 7. That funding for this expert was pursuant to the Criminal Justice Act in such an amount that required 8th Circuit approval. A further clerical error by the United States Attorney resulted in two copies of the same recording being made (the undersigned wants to be clear that he asserts no malice in this instance and sincerely believes same to have been an honest mistake). This explains any delay in providing this notice as the undersigned only received notice of the expert's opinion in the immediate past few days.

On July 22, 2008, the defendant filed a second Notice Regarding Expert Witness "pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Reciprocal Discovery Order in this case." (Doc. No. 64) In the notice, Mr. Primmer stated the following:

> 1. That during the investigation of defendant Gokgok Puok the government utilized cooperating individuals to produce

evidence that defendant Puok was engaged in certain illegal activity.
2. That the undersigned has consulted with Dr. Otto Maclin regarding same. His contact information may be found online at: http://www.uni.edu/~maclino/.
3. That Dr. Maclin's testimony may present a novel, complex, or unusual factual or legal issue in this case.
4. That the undersigned will make any reports of the expert available to the United States Attorney; however, none exist at this time and it is anticipated that none will be generated.
5. That the undersigned will, upon request, provide the United States Attorney's Office with a written description of the subject matter of the expert's testimony.
6. That funding for this expert was pursuant to the Criminal Justice Act in such an amount that required 8th Circuit approval. That the expert owned real estate negatively affected by the recent Iowa flooding and the undersigned just finished a week long jury trial, creating communication difficulties between the parties. This explains any delay in providing this notice as the undersigned only received notice of the expert's opinion in the immediate past few days.

On July 24, 2008, the Government filed the Motion to Compel Discovery currently before the court. (Doc. No. 83) In the motion, the Government stated the following:

The defendant has provided notice of two expert witnesses, a voice recognition expert and an eyewitness identification expert. The defense has provided two e-mails, one for each witness, indicating the voice recognition expert will testify that "[n]one of the voices and [sic] be indisputably ascribed to Mr. Puok." Certainly some test had to be performed to reach that conclusion. Further, there must be some basis for that conclusion, whether it be published studies, industry standards, or non-peer reviewed work by the witness. Similarly, the eyewitness expert will testify as to "the inherent problems in the identification process used when utilizing cooperating individuals." Again, no basis is provided for problems which are apparently present in this case nor even of [sic] list of the problems that some undisclosed source has identified as inherent with cooperators.

>Given the above described circumstances, the government respectfully requests the Court find that the provisions of the Stipulated Discovery Order require compliance with Rule 16(b) and compel the defendant to comply with the above referenced sections of that rule.

Mr. Primmer, on behalf of Puok, responded to the motion on July 25, 2008 (Doc. No 84), stating, in relevant part, as follows:

> 1. That the undersigned is in receipt of the government's motion to compel discovery in this cause and, for the most part, agrees with its contents. . . .
>
> 2. That, to date, neither expert witness has generated a report or summary for the undersigned; the US Attorney's Office has been provided contact information for the witnesses and is free to try and contact them should they so desire.
>
> * * *
>
> 9. That, to date, no expert witness summary has been requested of, or produced by, the government.
>
> 10. That the undersigned will acknowledge that the undersigned did request a description of the manner in which law enforcement specifically produced their identifications in cooperation witness interviews which was never produced.
>
> 11. That the undersigned interprets the discovery order as directing the parties to be governed by Rule 16; Rule 16 makes the government's production of expert witness written summary a prerequisite to the defendant's production of same.
>
> 12. If the court deems the undersigned as incorrect in this interpretation, then an expert summary will be produced; until then, the undersigned sincerely believes the production of same would be an unethical act in violation of the attorney client relationship.

The "Stipulated Discovery Order" embodies an agreement between the parties to provide reciprocal discovery beyond what they are obligated to provide under the Federal Rules of Criminal Procedure and the applicable statutes and constitutional provisions. The

5

parties are not obligated to enter into the stipulation, but if they do, each side forgoes certain rights in exchange for certain benefits. As applicable here, by entering into the stipulation, each side gives up the right to 'hide certain cards' in exchange for the right to see some of the 'cards' held by the other side. Mr. Primmer's claim that he would somehow be acting unethically if he disclosed some of his evidence to the Government after taking advantage of the Government's disclosures is unavailing. This is the bargain he made, and he cannot expect to get the benefit of the bargain and then claim it would be unethical to follow through on his obligations.

A second consequence of the "Stipulated Discovery Order" is that to enforce the obligations of the other side, the parties are not required to file, give, or make some of the required "motions," "notices," or "requests" required by the Rules and statutes. Thus, for example, under the stipulation, the Government agrees to include Jencks Act materials in the discovery file without a motion by the defense, as required by 18 U.S.C. § 3500(b). Significantly here, the Government is required to include in the file all Rule 16 materials without the requirement of a defense "request." See Rule 16, *passim*; Stipulated Discovery Order, ¶ A. In exchange, the defendant is required to provide reciprocal discovery under Rule 16(b). Stipulated Discovery Order, ¶ F. Under the terms of the stipulation, the defendant's obligation to provide reciprocal discovery is not dependant upon a prior defense request that the Government disclose Rule 16 materials because the Government already is providing these materials to the defense under the terms of the stipulation.

If Mr. Primmer's interpretation of the stipulation were to be adopted, the terms of the stipulation would require the Government to provide the defendant with Rule 16 materials without any request from the defendant, but then if the defendant did not make a request for the materials, the defense would have no reciprocal obligation. This interpretation of the stipulation is not only contrary to its plain language, it would

eviscerate the very purpose of the agreement. Compliance with the stipulation does not create any hardship for the defense. If the defense does not want to make these disclosures, then the defendant either should not enter into the Stipulated Discovery Order, or alternatively, if no stipulation is entered, should not request disclosure of the government's Rule 16 materials.[2]

Having found that the defendant is obligated to comply with the disclosure requirements of the Stipulated Discovery Order, the court turns to the plaintiff's motion to compel. The Government asks the court compel the defendant to comply with the stipulation and provide the Government with a written summary of the testimony of the defense expert witnesses, with the summary to "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications," as required by Rule 16. *See* Fed. R. Crim. P. 16(b)(1)(C).

The defendant cannot avoid his obligations under the stipulation by stating that no such summaries have been prepared, or by referring the Government to a website or telling the attorney for the Government to contact the witnesses himself. Mr. Primmer acknowledges this fact by indicating that if the court finds his interpretation of the Stipulated Discovery Order to be in error, he will produce the expert summaries.

---

[2]The defendant complains that the Government often presents testimony of expert witnesses at trial without complying with its obligations under Federal Rule of Criminal Procedure 16(a)(1)(G). Doc. No. 84, p. 3, ¶¶ 7 & 8. A request that such testimony be excluded as a violation of the Stipulated Discovery Order is beyond the scope of this order.

The motion is **granted**. The defendant is ordered to provide the Government with the required summaries no later than **8:00 p.m. on Sunday, July 27, 2008**.

**IT IS SO ORDERED.**

**DATED** this 25th day of July, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT