IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KUOTHBANG YUOT, a/k/a "Johnson,"<br>and GOKGOK PUOK, a/k/a "Go Go,"<br><br>    Defendants. | No. CR 07-4091-MWB<br><br>**ORDER REGARDING<br>DEFENDANTS' OBJECTIONS TO<br>THE PROSECUTION'S EXHIBITS** |

_____

This matter comes before the court pursuant to defendant Kuothbang Yuot's July 23, 2008, Objections To The Government's Offer Of Exhibits (docket no. 77) and defendant Gokgok Puok's July 24, 2008, Objections To The Government's Proposed Exhibits (docket no. 81). The prosecution filed a Response (docket no. 82) to the defendants' Objections on July 24, 2008. The court deems the Objections to be pre-trial motions in limine to exclude certain evidence, albeit untimely ones.[1] The court's disposition of the Objections is hampered by the parties' failure to provide the court with copies of any of the challenged exhibits. Apparently, the parties think the court lives in the discovery file.

Defendant Yuot objects to the telephone records listed as the prosecution's exhibit 1a, 1b, and 1c as irrelevant and, thus, excludable pursuant to Rule 402 of the Federal Rules of Evidence. Yuot argues that the prosecution is offering these records as evidence

---

[1] The prosecution filed its Exhibit List (docket no. 76) on July 23, 2008, but it appears that the challenged evidence was disclosed well before that in the prosecution's open discovery file. Certainly, the defendants do not argue that they were unaware of the challenged evidence until July 23, 2008.

of telephone contact on certain dates between a government informant's telephone and a telephone that was purportedly used by Yuot. Yuot argues, however, that there is nothing to show the subject matter of these telephone calls or even that Yuot was the person using the telephone. The prosecution responds that Yuot's objection to these records is premature, because the prosecution will lay adequate foundation for the records and demonstrate their relevance to the testimony of the informant at trial.

Defendant Yuot is correct that Rule 402 provides, in pertinent part, that "[e]vidence which is not relevant is not admissible." However, Rule 401 provides that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, assuming an appropriate foundation for the records will be laid, records showing that a confidential informant made calls on certain dates to a telephone purportedly used by Yuot does have a tendency to prove that the confidential informant had contact with Yuot and that the contacts were of the nature that the informant will describe. In the court's view, Yuot's objection that there is nothing in the records themselves to show the subject matter of the calls or that Yuot was the one using the telephone go to the weight of this evidence, not its admissibility, particularly where testimony of the informant may provide further context for and information about the calls themselves. Therefore, defendant Yuot's pretrial objections to this evidence will be overruled.

Defendant Puok objects to the following proposed prosecution exhibits: (1) Exhibit 5e, described as "Video – Post Miranda Interview of Defendant Puok"; (2) Exhibit 5e(1), described as "Photograph from Defendant Puok Post Miranda Interview"; (3) Exhibit 5e(2), described as "Photograph from Defendant Puok Post Miranda Interview"; and (4) Exhibit 5g, described as "Booking Photo ('mug shot') of Defendant Puok." Puok argues that all of these exhibits are or are comparable to "mug shots," and as such, should

be excluded pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence, because they unfairly tend to suggest that he is a bad person or engaged in criminal conduct, and that such photos leave a lasting, negative impression with the jury. Puok cites *United States v. McCoy*, 848 F.2d 743, 745-46 (6th Cir. 1988), in support of his objections. Puok also argues that video of him declining to answer questions in a post-*Miranda* video, as he had a constitutional right to do, should be excluded, because it will lead a reasonable jury to believe that he is a bad person or has something to hide.

The prosecution agrees that it would be inappropriate and unethical to show video of a defendant declining to answer questions. On the other hand, the prosecution believes that defendant Puok may contend that he is not the person shown on videos of "controlled buys," and so the still shots from the post-*Miranda* video and a 4-5 second clip of video will be offered to show the similarity of Puok's appearance, attire, clothing, and jewelry shortly after the "controlled buys" to those of the person shown in the "controlled buy" videos. Similarly, the prosecution asserts that the arrest photograph would show defendant Puok's appearance on the day of the controlled buy. The prosecution acknowledges that, if Puok neither disputes that he is the person shown in the "controlled buy" videos nor changes his appearance at trial, then the prosecution may have no need for the challenged photographic evidence.

Puok is correct that in *United States v. McCoy*, 848 F.2d 743 (6th Cir. 1988), the Sixth Circuit Court of Appeals observed that, applying the balancing test of Rule 403 to "mug shot" evidence, such evidence may suggest that a defendant is a "bad guy" who belongs in jail and that a typical juror could be influenced irrationally to conclude that he is guilty of the offense charged, and that court also recognized that unfair prejudice is more likely if there is little other tangible evidence, because the visual impact of a photograph is almost certainly more significant than the impression left by oral testimony. *McCoy*,

3

848 F.2d at 745-46. The Eighth Circuit Court of Appeals has likewise noted that "mug shot" evidence may have the prejudicial effect of suggesting criminal conduct, but that properly limited, and if necessary redacted, photographic evidence may be admitted if identification is in dispute. *See United States v. Harbin*, 585 F.2d 904, 908 (8th Cir. 1978); *United States v. Johnson*, 28 F.3d 1487, 1499-1500 (8th Cir. 1994) (on plain error review, in the absence of a timely objection, finding "mug shot" evidence admissible under Rule 403 where it was based on a particular need, in that case, as a link in identification of the defendant, and was presented in a "circumscribed manner"); *but see United States v. Mohammed*, 27 F.3d 815, 822 (2d Cir. 1994) (finding that a mug shot of the defendant on his arrest on the charges at issue was not unfairly prejudicial, because it did not expose the jurors to any evidence of prior criminal conduct). This court finds that the concerns expressed by these courts have been sensibly addressed in a test for admissibility of "mug shot" evidence established by the Fifth Circuit Court of Appeals. *See United States v. Carrillo*, 20 F.3d 617, 620 (5th Cir. 1994) (citing *United States v. Torres-Flores*, 827 F.2d 1031, 1037, 1038-39 (5th Cir. 1987)). That test involves the following three requirements: "(1) The government must have a demonstrable need to introduce the photographs; (2) the photographs must not imply that the defendant has a criminal record; and (3) the manner of introduction at trial must not draw attention to the source or implications of the photographs." *Carrillo*, 20 F.3d at 620.

Here, it is not yet clear whether the prosecution actually needs the "mug shot" and other photographic evidence at issue for the purpose of confirming defendant Puok's appearance at the time of the charged offenses or otherwise to confirm his identity, for example, in light of altered appearance at the time of trial. *See id.* (first requirement). Nevertheless, it is possible that proper identification of Puok will be at issue at the trial. If that issue is, indeed, presented, then the photographic evidence in question, and the

4

manner in which it is offered, may also meet or may be capable of being modified to meet the second and third requirements. *Id.* At this time, however, such determinations are premature. Thus, Puok's objections must be denied for the moment, without prejudice to reassertion, in due course, should the photographic identification evidence actually become an issue at trial.

THEREFORE,

1. Defendant Kuothbang Yuot's July 23, 2008, Objections To The Government's Offer Of Exhibits (docket no. 77) are **overruled**;

2. Defendant Gokgok Puok's July 24, 2008, Objections To The Government's Proposed Exhibits (docket no. 81) are **overruled** without prejudice to reassertion if the issue of the need for photographic identification evidence arises at trial.

**IT IS SO ORDERED.**

**DATED** this 25th day of July, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA